IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **GENI AKRIDGE, IVYDALE, an uniincorporated association, and JOHN AND JANE DOES ONE THROUGH SIX**   **Plaintiffs,**   v.   **CITY OF MOULTRIE, GEORGIA, a body corporate,**   **Defendant.** | : : : : : : : : : : : : : : : : | **Civil Action No. 6:04-CV-31 (HL)** |

## ORDER

Before the Court is Plaintiffs' Motion to Supplement Their Opposition to Defendant's Motion for Summary Judgment (Doc. 30) in which Plaintiffs request the Court allow them to supplement their Statement of Disputed Facts filed in response to Defendant's Motion for Summary Judgment. For the reasons set forth below Plaintiffs' motion is denied as moot, and Plaintiffs are ordered to file a Motion for Extension of Time in accordance with the applicable Federal Rules of Civil Procedure and Local Rules.

**I.     FACTS**

Defendant filed a Motion for Summary Judgment in this case requesting the Court enter judgment in its favor on July 21, 2005. Plaintiffs' response to the motion was initially due on or before August 4, 2005. On August 8, 2005, Plaintiffs' attorney, Steven Polin, filed a Motion for Enlargement of Time requesting the Court extend the deadline for filing to August 22, 2005, because he had been engaged in a trial and was on vacation with his family. Plaintiffs' motion

was granted by the Clerk of Court and the deadline for responding to Defendant's motion was reset to August 22, 2005. Plaintiffs again failed to file any response to Defendant's motion within the time allowed.

On September 6, 2005, more than two weeks after the deadline, Plaintiffs simultaneous filed a Motion for Enlargement of Time and a Statement of Disputed Facts. Plaintiffs' attorney requested the Court extend the response deadline until September 6, 2005, the date on which the motion was filed, because he was "out of the jurisdiction for several days, including time in which to enroll his son at a residential boarding school." The Court denied Plaintiffs' motion as moot because within the additional time requested, Plaintiffs failed to file a proper response to Defendant's motion, filing only a Statement of Disputed Facts. On September 8, 2005, Plaintiffs filed a Motion to Supplement their response to Defendant's summary judgment motion. Plaintiffs' attorney explained that he was informed by the clerk's office that Plaintiffs' opposition only included a Statement of Material Facts. Plaintiffs assert that a response and Memorandum of Law was inadvertently omitted and requests the Court allow them to supplement Plaintiffs' Statement of Disputed Facts.

## II.     CONCLUSIONS OF LAW

### A. Plaintiffs' Motion for an Enlargement of Time

Plaintiffs' Statement of Disputed Facts was filed after the deadline for responding to Defendant's motion had expired. Because the Court denied Plaintiffs' Motion for an Enlargement of Time, Plaintiffs' Statement of Disputed Facts was untimely filed. Although Plaintiffs are requesting to amend their response to Defendant's motion, any amendment to that untimely response would itself also be untimely. It appears to the Court, therefore, that Plaintiffs' Motion to Supplement is moot and is for that reason denied.

### B. Time Extension in order to file a response to Defendant's Motion for Summary Judgment

According to Local Rule 6.2, any requests for an extension of time to file briefs is required to be filed no later than two business days before the expiration of the deadline. Further, Rules 6 and 7 of the Federal Rules of Civil Procedure require that a request for an enlargement of time after the time period has elapsed be made in the form of a written motion, unless made during a hearing or trial. To succeed the moving party must show that the failure to timely file was the result of excusable neglect. <u>Clinkscale v. Chevron U.S.A, Inc.</u>, 831 F.2d 1565, 1568-69 (11th Cir. 1987). Excusable neglect includes both a showing of good faith by the moving party and a reasonable basis for not filing within the time period. <u>See</u> <u>Id.</u> Generally, ignorance of when a time period expires, a busy schedule, lack of diligence, or carelessness will not rise to the level of excusable neglect. 1 MOORES'S FEDERAL PRACTICE, § 6.06[3][b] (Matthew Bender 3d ed.).

In the present case, despite having moved twice for an extension of time, Plaintiffs have failed to timely file any response to Defendant's Motion for Summary Judgment. Further, because the deadline in which Plaintiffs were to file their response to Defendant's motion has expired, it is necessary for Plaintiffs to again file a Motion for Extension in order to respond. As it is now impossible for Plaintiffs to comply with Local Rule 6.2, the Court will waive the local requirement in the interest of justice and allow Plaintiffs to request an extension. Accordingly, Plaintiffs are directed to file a Motion for Extension of Time in accordance with Rules 6 and 7 of the Federal Rules of Civil Procedure within ten (10) days of the entry of this Order.

**SO ORDERED**, this the 26th day of September, 2005.

s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs