# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | |
|---|---|
| **GENI AKRIDGE, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | **Civil Action No.** |
| : | **6:04-CV-31 (HL)** |
| **CITY OF MOULTRIE, GEORGIA, a** : | |
| **body corporate,** : | |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

Pursuant to the original Scheduling and Discovery Order, and two subsequent discovery deadline extensions, the deadline for filing motions in this case was July 17, 2005. Defendant timely filed its first Motion for Summary Judgment on July 12, 2005, arguing that Defendant was entitled to judgment as a matter of law. On February 7, 2006, the Court issued an Order granting Defendant's Motion with respect to Plaintiffs' intentional discrimination claims; however, the Court denied Defendant's Motion with respect to Plaintiffs' reasonable accommodation claims finding that material factual disputes remained.

Defendant then filed its Second Motion for Summary on April 25, 2006, arguing that Defendant is also entitled to a judgment as a matter of law on Plaintiffs' remaining reasonable accommodation claims. Presumably realizing that its April 25, 2006 Motion was untimely filed, Defendant subsequently filed a Motion to Allow Out of Time Second Motion for Summary Judgment on June 7, 2006. Both Defendant's Second Motion for Summary Judgment (Doc. 52)

and Defendant's Motion to Allow Out of Time Second Motion for Summary Judgement (Doc. 64) are before the Court. For the reasons explained herein, Defendant's Motion to Allow Out of Time Second Motion for Summary Judgment is denied and Defendant's Second Motion for Summary Judgment is dismissed.

**I. MOTION TO ALLOW OUT OF TIME SECOND MOTION FOR SUMMARY JUDGMENT**

The Federal Rules of Civil Procedure prescribe a detailed procedure by which a party can secure an extension of a deadline set by either the federal rules or the Court. The relevant portion of Federal Rule of Civil Procedure 6 provides,

> [w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

In this case, Defendant's Motion seeking leave to file an untimely motion was clearly filed after the deadline for filing motions had expired. Therefore, Defendant must show that its failure to timely file its Second Motion for Summary Judgment was the result of excusable neglect. See Clinkscale v. Chevron U.S.A, Inc., 831 F.2d 1565, 1568-69 (11th Cir. 1987).

Excusable neglect includes both a showing of good faith by the moving party and a reasonable basis for not filing within the time period. See Id. Generally, ignorance of when a time period expires, a busy schedule, lack of diligence, or carelessness will not rise to the level of excusable neglect. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd., 507 U.S. 380, 391, 113 S.Ct. 1489, 1496 (1993).

Defendant submits several excuses for its failure to file its Second Motion for Summary Judgment in a timely manner. Defendant first states that "[c]ounsel inadvertently misinterpreted the extensions of discovery and other deadlines granted under numerous extensions to the Scheduling and Discovery Order to include extensions for motions for summary judgment." To adequately discuss Defendant's argument a brief history of the various extensions is needed.

The original Scheduling and Discovery Order, entered on September 14, 2004, specified that discovery would be completed by January 14, 2005 and all motions would be filed by March 1, 2005. On January 24, 2005, the Court granted a requested three-month extension and extended the discovery deadline until April 14, 2005. The Court's January 24, 2005 Order did not specifically state that all other deadlines were also extended; however, assuming the deadline for filing motions was extended for the same amount of time as the discovery deadline, the new deadline for filing motions would have been June 1, 2005. Prompted by yet another request to extend the discovery period, the Court extended the discovery period an additional one month and fifteen days on May 2, 2005. Again, the Court's May 2, 2005 Order did not specifically state that the other deadlines were extended; however, assuming, as before, that the deadline for filing motions was extended for the same amount of time as the discovery deadline, the new deadline for filing motions would have been July 17, 2005. No further discovery or scheduling extensions were requested or granted, and Defendant filed its first Motion for Summary Judgment on July 12, 2005.

While the Court is aware that the Orders extending the discovery period did not explicitly state that other relevant deadlines were also extended, it is clear that all parties involved

3

operated under the assumption that those deadlines were extended. This is what the Court intended. Provided Defendant thought that the discovery deadline extensions included similar extensions of the deadline for filing motions, Defendant knew all motions were due at least by July 17, 2005. Yet, Defendant did not file it's second summary judgment motion until some nine months after that deadline. Therefore, Defendant's failure to file its second summary judgment motion in a timely manner was not due to its counsel's misinterpretation of the Court's previous Orders. Furthermore, an attorney's error based on a misunderstanding of the relevant deadline is an insufficient basis for excusing the failure to comply with that deadline. Therefore, even if the Court were to assume that counsel's misinterpretation caused the delay in filing Defendant's second summary judgment motion, counsel's error would not rise to the level of excusable neglect.

   Defendant also asserts allowing a second summary judgment motion is "appropriate and judicially efficient" and "will not prejudice the plaintiff or delay trial in any way, as the intention of the defendant is to address the issue of accommodation in the most judicially efficient way possible." Initially, the Court notes that the issue of accommodation was addressed by the Court in ruling on the first summary judgment motion. If Defendant objected to the reasoning employed by the Court as to the issue of accommodation, the proper procedure would have been to file a motion for reconsideration in accordance with Federal Rule of Civil Procedure 60.

   Moreover, establishing that a second summary judgment motion would be efficient use of the Court's time in this case does not entitle Defendant to an extension of time. As discussed

above, Defendant must show that the failure to timely file its Second Motion for Summary Judgment was the result of excusable neglect in order to secure an extension of time to file a second summary judgment motion. See Clinkscale, 831 F.2d at 1568-69. Asserting that a second summary judgment motion would be helpful does not rise to the level of excusable neglect.

Because Defendant filed its Motion seeking leave to file an untimely motion after the deadline for filing motions had expired, Defendant was required to show that its failure to timely file its Second Motion for Summary Judgment was the result of excusable neglect. Defendant has not done so. Accordingly, Defendant's Motion to Allow Out of Time Second Motion for Summary Judgment is denied.

## II. SECOND MOTION FOR SUMMARY JUDGMENT

Even if Defendant's Second Motion for Summary Judgment was timely filed, the Court would have no choice but to deny Defendant's Motion. Summary judgment cannot be granted when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Despite the arguments asserted by Defendant that allowing the operation of Iveydale would not constitute a reasonable accommodation, Plaintiffs have submitted evidence from which a reasonable jury could conclude that allowing Iveydale to operate in its current location would constitute a reasonable accommodation. It makes no difference how strong an argument Defendant makes at this stage for it is not for the Court to determine which party's evidence and arguments are stronger; that job belongs to a jury.

## III. CONCLUSION

For the forgoing reasons, Defendant's Motion to Allow Out of Time Second Motion for Summary Judgment (Doc. 64) is denied and Defendant's Second Motion for Summary Judgment (Doc. 52) is dismissed.

**SO ORDERED**, this the 15th day of November, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs